IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRANDON TREAT,

                                                Case No. 3:11-cv-631-JE

        Petitioner,

    v.

JEFF PREMO,

                                     FINDINGS AND RECOMMENDATION

        Respondent.

        Brandon Treat, #11682025
        Oregon State Penitentiary
        2605 State Street
        Salem, Oregon 97310-0505

                Petitioner, *Pro Se*

        John R. Kroger, Attorney General
        Kristen E. Boyd, Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

                Attorneys for Respondent

  1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying Robbery convictions in Washington County.  For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

On May 26, 2006, the Washington County Grand Jury indicted petitioner on two counts of Robbery in the Second Degree and one count of Theft in the Second Degree based upon his involvement in a robbery at a Target store.  Respondent's Exhibit 102.  Petitioner proceeded to a court trial where he was convicted on all counts and sentenced to a total of 70 months in prison.  Respondent's Exhibit 101.

Petitioner took a direct appeal where his appointed attorney filed a *Balfour* brief.[1]  Petitioner did not submit a Section B for consideration, thus he presented no claims to the Oregon Court of Appeals for consideration.  The Oregon Court of Appeals affirmed the trial court's decision without opinion, *State v. Treat*, 218 Or.

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal."  The defendant may then file the Section B segment of the brief containing any assignments of error he wishes.  *State v. Balfour*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

2 - FINDINGS AND RECOMMENDATION

App. 231, 179 P.3d 753 (2008), and petitioner did not petition the Oregon Supreme Court for review.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibits 119-121.  On appeal, appointed counsel filed a *Balfour* brief on petitioner's behalf.  Petitioner availed himself of the opportunity to file a Section B to the *Balfour* brief wherein he argued that the PCR trial court failed to adequately resolve his complaints pertaining to his appointed PCR trial attorney pursuant to the Oregon Supreme Court's decision in *Church v. Gladden*, 244 Or. 308, 417 P.2d 993 (1996).  Respondent's Exhibit 128, p. 2.

The State moved for summary affirmance on the basis that petitioner's issue did not present a substantial question of law. Respondent's Exhibit 127.  The Oregon Court of Appeals disagreed and denied the Motion for Summary Affirmance.  Respondent's Exhibit 129.  Upon consideration of the issue, the Oregon Court of Appeals affirmed the PCR trial court's decision without opinion, and the Oregon Supreme Court denied review.  *Treat v. Coursey*, 238 Or. App. 343, 243 P.3d 498 (2010), *rev. denied*, 349 Or. 603, 249 P.3d 124 (2011).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on May 24, 2011 raising numerous claims throughout his four grounds for relief.  Because those claims are adequately stated in the Petition as well as respondent's Response, the court need not

3 - FINDINGS AND RECOMMENDATION

repeat them here.  Respondent asks the court to deny relief on the Petition because none of petitioner's claims were fairly presented to Oregon's state courts, and they are now procedurally defaulted.

Although petitioner's supporting memorandum was due on May 10, 2012, he has not responded to the State's Response, nor has he filed any memorandum supporting his Petition.  In this regard, petitioner fails to meet his burden of proof.  *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).  Nevertheless, the court has conducted its own examination of the record and, for the reasons which follow, recommends that relief on the Petition be denied.

<u>**DISCUSSION**</u>

I.   <u>**Exhaustion and Procedural Default Standards**</u>

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context

in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## II.  Analysis

As noted in the Background of this Findings and Recommendation, petitioner did not present any claims for appellate review during his direct appeal. As a result, he did not preserve any direct appeal claims for habeas corpus review.

With respect to his PCR appeal, petitioner presented a single issue of state law to the Oregon Court of Appeals and the Oregon Supreme Court: whether the PCR trial court failed to adequately inquire into the performance of PCR counsel and remedy any

inadequacies as required by state law.  Respondent's Exhibit 128, pp. 2-3.  No such claim is contained within the Petition for Writ of Habeas Corpus, thus it is not properly before the court.  *See* Rule 2(c), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition).

Petitioner did not raise any other claim during his PCR appeal, thus he failed to fairly present any of the claims contained within the Petition for Writ of Habeas Corpus.  Because petitioner may no longer present his claims to Oregon's state courts, they are procedurally defaulted.  Petitioner has not attempted to demonstrate cause and prejudice, nor has he made a colorable showing of actual innocence sufficient to excuse his default.

Even if petitioner had included his claim against the PCR trial court in his Petition for Writ of Habeas Corpus, he would not be entitled to relief.  Such a claim is not a federal one as required by 28 U.S.C. § 2254(a), and was not preserved as a federal claim when clarified by counsel during the PCR appeal. Respondent's Exhibit 122, p. 2.  Nevertheless, for petitioner to prevail on such a claim would require this federal habeas court to interpret the requirements of Oregon law under *Church v. Gladden* in

6 - FINDINGS AND RECOMMENDATION

a way contrary to the interpretation of the Oregon Court of Appeals when it found petitioner's issue to be substantial but, ultimately, unavailing.  Such a contrary interpretation of state law is not permissible. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002)("A state court has the last word on the interpretation of state law."), citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989), *cert. denied*, 499 U.S. 943 (1991); *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) ("state courts are the ultimate expositors of state law."). Accordingly, the Petition for Writ of Habeas Corpus should be denied.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be denied and a judgment should be entered dismissing this case with prejudice.  The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due by July 19, 2012.  If

no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 2<u>nd</u> day of July, 2012.

        /s/ John Jelderks
            John Jelderks
            United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION